**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAREED SEPEHRY-FARD, | No. 13-15307 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-00871-EJD |
| v. | |
| AURORA BANK FSB; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Fareed Sepehry-Fard appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising

out of his mortgage loans.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6) for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to state a claim. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Sepehry-Fard's §§ 1983 and 1985 claims because Sepehry-Fard failed to allege facts sufficient to show that defendants acted under color of state law. *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (to state a claim under § 1983, a plaintiff must allege that a person "acting under color of state law" committed the conduct at issue); *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (absence of § 1983 deprivation precludes a § 1985 conspiracy claim predicated on same allegations); *see also Apao v. Bank of N.Y.*, 324 F.3d 1091, 1094-95 (9th Cir. 2003) (nonjudicial foreclosure was not state action and therefore did not implicate due process).

The court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) (setting forth standard of review and explaining that "[a] district court may deny leave to amend when amendment would be futile").

The district court did not abuse its discretion in denying Sepehry-Fard's motion to alter or amend judgment because Sepehry-Fard failed to establish any basis for relief. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d

1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59).

We reject as without merit Sepehry-Fard's contentions concerning alleged judicial bias and lack of jurisdiction.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Sepehry-Fard's motion to strike the answering brief and for sanctions, filed November 5, 2014, is denied.

**AFFIRMED.**